SANFORD A. KASSEL (State Bar No. 100681)
GAVIN P. KASSEL (State Bar No. 284666)
**Sanford A. Kassel, A Professional Law Corporation**
Wells Fargo Bank Building, Suite #207
334 West Third Street
San Bernardino, California 92401-1823
Telephone:  (909) 884-6451
Facsimile:   (909) 884-8032
Email: Office@skassellaw.com

Attorneys for Plaintiff

**FILED**
Superior Court of California
County of Riverside
1/11/2019
E. Escobedo
By Fax

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF RIVERSIDE - HISTORIC COURTHOUSE

| | |
|---|---|
| BEVERLY ROSALES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AMAZON FULFILLMENT SERVICES;<br>GOLDEN STATE FC, LLC; and Does 1 through<br>100, Inclusive,<br><br>　　　　　Defendants. | Case Number:  **RIC1900658**<br><br>(1)　**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY;**<br>(2)　**GENDER/SEX/PREGNANCY DISCRIMINATION;**<br>(3)　**DISABILITY DISCRIMINATION;**<br>(4)　**FAILURE TO ACCOMMODATE;**<br>(5)　**FAILURE TO PREVENT DISCRIMINATION;**<br>(6)　**DISPARATE IMPACT DISCRIMINATION;** |

Plaintiff BEVERLY ROSALES alleges as follows:

GENERAL ALLEGATIONS

1.　Plaintiff now, and at all relevant times has, resided in the City of Moreno Valley, County of Riverside.

2.　At all times alleged herein, plaintiff was employed by defendants AMAZON FULFILLMENT SERVICES, INC., GOLDEN STATE FC, LLC and Does 1 through 50, and each of them, who resided in and conducted business in Riverside County, California, and the defendants' conduct hereinafter alleged occurred in said County and State. In addition, at all times alleged herein defendants Does 51 through 100, inclusive, and each of them, were plaintiff's direct and immediate supervisors and engaged in the unlawful and actionable conduct as alleged herein.

1
COMPLAINT FOR DAMAGES

3. Plaintiff is informed and believes and on that basis alleges that defendants AMAZON FULFILLMENT SERVICES, INC., GOLDEN STATE FC, LLC and Does 1 through 50, inclusive, and each of them, were corporations and/or other business entities form unknown conducting business in the State of California, County of Riverside.

4. Plaintiff is informed and believes and on that basis alleges that defendants Does 51 through 100, inclusive, and each of them, were at all relevant times individuals residing and working in the County of Riverside, State of California.

5. The true names and capacities of defendants named as Does 1 through Doe 100, inclusive, are presently unknown to plaintiff. Plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious defendants when they are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitious defendants has participated in the acts alleged in this complaint to have been done by the named defendants.

6. Plaintiff is informed and believes and on that basis alleges that, at all relevant times, each of defendants, whether named or fictitious, was the agent or employee of each of the other defendants, and in doing the things alleged to have been done in the complaint, acted within the scope of such agency or employment, or ratified the acts of the other. Moreover, at all relevant times there existed such a unity of interest and ownership between the corporation and its equitable owner that no separation actually existed and an inequitable result if the acts in question are treated as those of the corporation alone.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. On or about April 3, 2017 plaintiff became employed by defendants AMAZON FULFILLMENT SERVICES, INC., GOLDEN STATE FC, LLC and Does 1 through 50, and each of them, as an ISQA tote auditor. At all times, plaintiff adequately and competently performed her job duties and responsibilities and was otherwise an exemplary employee.

8. On or about October 15, 2018, plaintiff advised defendants and each of them that she was pregnant. In doing so, plaintiff provided defendants and each of them with paperwork noting her pregnancy status and sought reasonable accommodations based upon her disability.

9. On or about November 29, 2018, defendants and each of them wrongfully terminated plaintiff's employment, falsely claiming that the termination was due to plaintiff having accumulated too much time off task (TOT) in performing her job duties and responsibilities.

10. In engaging in the above conduct, defendants and each of them did so due to plaintiff's pregnancy, disability, and gender.

## FIRST CAUSE OF ACTION

(Wrongful Discharge in Violation of Public Policy

against All Defendants)

11. Plaintiff incorporates each and every other allegation of this Complaint as though fully set forth herein.

12. In engaging in the conduct as described herein, defendants and each of them unlawfully discriminated against plaintiff based on her gender, pregnancy, and disability in violation of various laws, including but not necessarily limited to the Fair Employment and Housing Act ("FEHA) as set forth in Government Code section 12940, et seq. and the California Constitution, Article 1, section 8 and California Labor Code Section 233 (Kincare Act).

13. As a result of defendants' discriminatory and unlawful actions against her, plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

14. Defendants and each of them acted for the purpose of causing plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION

(Gender/Sex/Pregnancy Discrimination as against All Defendants)

15. Plaintiff hereby incorporates each and every other allegation of this Complaint as though fully set forth herein.

16. In engaging in the conduct as described herein, defendants and each of them unlawfully discriminated against plaintiff based on her gender/sex/pregnancy in violation of various laws, including but not necessarily limited to the Fair Employment and Housing Act ("FEHA) as set forth in Government Code

3
COMPLAINT FOR DAMAGES

sections 12926(r)(1), 12945(a)-(b) and 29 CFR §§ 1604.1-1604.11.

17. On December 13, 2018, plaintiff filed with the California Department of Fair Employment and Housing (DFEH) a complaint charging defendants with various acts, including but not necessarily limited to discrimination and retaliation in violation of the California Fair Employment and Housing Act (FEHA). A true and correct copy of the FEHA complaint attached herewith as Exhibit A. On December 13, 2018 the DFEH issued to plaintiff a right-to-sue letter, a true and correct copy of which is attached herewith as Exhibit B.

18. As a result of defendants' discriminatory and unlawful actions against her, plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

19. Defendants and each of them acted for the purpose of causing plaintiff to suffer financial loss and emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## THIRD CAUSE OF ACTION

### (For Disability Discrimination as Against All Defendants)

20. Plaintiff hereby incorporates each and every other allegation of this Complaint as though fully set forth herein.

21. The California pregnancy disability leave law ("PDLL"), Gov.C. § 12945(a), is part of the FEHA and requires employers to provide employees up to four months of leave for disability due to an employee's pregnancy, childbirth or related medical conditions. In addition, an employer must provide "reasonable" accommodation to an employee "affected by pregnancy," if she so requests, based on the advice of her health care provider. [2 Cal.C.Regs. § 11040 (a)(1),(2); see Gov.C. § 12945(a)(3)(A)]

22. It is an unlawful employment practice for a covered employer to interfere with, restrain or deny the exercise of or the attempt to exercise any rights under the PDLL. [Gov.C. § 12945(a)]

23. In engaging in the conduct as described herein, defendants and each of them unlawfully discriminated against plaintiff based on her pregnancy and related medical conditions, and violated the provisions of FEHA and the PDLL as referenced above.

24. On December 13, 2018, plaintiff filed with the California Department of Fair Employment and Housing (DFEH) a complaint charging defendants with various acts, including but not necessarily limited to discrimination and retaliation in violation of the California Fair Employment and Housing Act (FEHA). A true and correct copy of the FEHA complaint attached herewith as Exhibit A. On December 13, 2018 the DFEH issued to plaintiff a right-to-sue letter, a true and correct copy of which is attached herewith as Exhibit B.

25. As a result of defendants' discriminatory and unlawful actions against her, plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

26. Defendants and each of them acted for the purpose of causing plaintiff to suffer financial loss and emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION

### (Failure to Accommodate against All Defendants)

27. Plaintiff incorporates each and every other allegation of this Complaint as though fully set forth herein.

28. The FEHA requires employers to make reasonable accommodation for the known disabilities of applicants and employees to enable them to perform a position's essential functions, unless doing so would produce undue hardship to the employer's operations. (Gov.C. § 12940(m); Gov.C. § 12945(a)(3)(A); 2 Cal.C.Regs. § 11068(a); see *Fisher v. Sup.Ct. (Alpha Therapeutic Corp.)* (1986) 177 Cal.App.3d 779, 783 [employer had reasonable accommodation obligation to employee with cancer-related medical condition]; *A.M. v. Albertsons, LLC* (2009) 178 Cal.App.4th 455, 463 [employer's failure to provide reasonable accommodation for employee's known physical disability constitutes unlawful employment practice].) "Reasonable accommodation" means that employers have an affirmative duty to accommodate disabled workers. (See *Sargent v. Litton Systems, Inc.* (ND CA 1994) 841 F.Supp. 956, 962 [employer had duty under FEHA to make reasonable accommodations to enable disabled employee to get to work].)

29. In engaging in the conduct as described herein, defendants and each of them unlawfully failed to accommodate plaintiff's disability.

30. As a result of defendants' unlawful actions against him, plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

31. Defendants and each of them acted for the purpose of causing plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION

(Failure to Prevent Discrimination against All Defendants)

32. Plaintiff incorporates each and every other allegation of this Complaint as though fully set forth herein.

33. It is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." (Gov.C. § 12940(k).) Government Code section 12940, subdivision (k) creates a statutory tort action. (*Trujillo v. North County Transit Dist.* (1998) 63 Cal.App.4th 280, 286; *Veronese v. Lucasfilm Ltd.* (2012) 212 Cal.App.4th 1, 28; *Ellis v. U.S. Security Assocs.* (2014) 224 Cal.App.4th 1213, 1228.)

34. In engaging in the conduct as described herein, defendants and each of them unlawfully failed to take all reasonable steps necessary to prevent discrimination from occurring and therefore violated the provisions of FEHA as referenced above.

35. As a result of defendants' unlawful actions, plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

36. Defendants and each of them acted for the purpose of causing plaintiff to suffer financial loss and emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## SIXTH CAUSE OF ACTION

(Disparate Impact Employment Discrimination against All Defendants)

37. Plaintiff incorporates each and every other allegation of this Complaint as though fully set forth herein.

38. At all material times alleged herein, defendants and each of them had a policy or practice which had significant adverse effects on persons of protected class like the class to which plaintiff belonged as set forth herein. At all times, the impact of the defendants' policy was on terms, conditions and/or privileges of employment of the protected class, and the employee population in general was not affected to the same degree by the policy as the protected class. The policy was therefore in violation of provisions of the Fair Employment and Housing Act including, but not limited to, Government Code section 12941, which prohibit disparate impact discrimination based on gender and disability. Specifically, defendants and each of them have a PTO (Personal Time Off); UPT (Unpaid Time Off); and Vacation. PTO and vacation are distributed incrementally, a few hours per pay period. UPT is dispersed on the first day of the quarter in 20 hour chunks. Personal time and unpaid time off can be used anytime. Vacation must be requested twenty-four hours in advance, must be approved, and cannot be taken during blackout periods (peak and prime day). This policy presents a significant hardship for pregnant women such as plaintiff who only had access to a restroom on the other side of the warehouse from where she was working. Defendants' TOT policy was such that it was impossible for a pregnant employee such as plaintiff to comply with it, and pregnant employees such as plaintiff were only allowed a total of 30 minute TOT's before they were terminated.

39. As a result of defendants' policy/practice described above, plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

40. Defendants and each of them acted for the purpose of causing plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

WHEREFORE, plaintiff prays:

1. For compensatory damages according to proof and prejudgment and post-judgment interest thereon to the extent allowable by law;

2. For exemplary and punitive damages according to proof;

3. For reasonable attorney's fees and expert witness fees pursuant to statute and law, including but not necessarily limited to, Government Code section 12965(b) and Code of Civil Procedure section 1021.5;

4.  For costs of suit; and

5.  For such other and further relief as the court may deem proper.

Dated: January 10, 2019

Respectfully submitted,

SANFORD A. KASSEL
*A Professional Law Corporation*

_____
SANFORD A. KASSEL
GAVIN P. KASSEL
Attorney for Plaintiff



EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                              DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

December 13, 2018

Beverly Rosales
11867 Venetian Dr.
Moreno Valley, California 92557

RE: **Notice to Complainant**
DFEH Matter Number: 201812-04504813
Right to Sue: Rosales / Amazon Fulfillment et al.

Dear Beverly Rosales:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                   GOVERNOR EDMUND G. BROWN JR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                             DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

December 13, 2018

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 201812-04504813
Right to Sue: Rosales / Amazon Fulfillment et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Beverly Rosales                                    DFEH No. 201812-04504813

                                Complainant,
vs.

Amazon Fulfillment
410 Terry Ave N
Seattle, Washington 98109

**Golden State FC LLC**
2021 7th Ave
Seattle, Washington 98121

                                Respondents

---

1. Respondent **Amazon Fulfillment** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Beverly Rosales**, resides in the City of **Moreno Valley** State of **California.**

3. Complainant alleges that on or about **November 29, 2018**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), pregnancy, childbirth, breast feeding, and/or related medical conditions and as a result of the discrimination was terminated, denied a work environment free of discrimination and/or retaliation, denied reasonable accommodation for a disability, denied accommodation for pregnancy.

**Complainant experienced retaliation** because complainant requested or used a pregnancy-disability related accom., requested or used a disability-related accommodation and as a result was terminated, denied a work environment free of discrimination and/or retaliation, denied reasonable accommodation for a disability, denied accommodation for pregnancy.

-1-
*Complaint – DFEH No. 201812-04504813*

Date Filed: December 13, 2018

Additional Complaint Details:

-2-
Complaint – DFEH No. 201812-04504813
Date Filed: December 13, 2018

| | |
|---|---|
| 1 | VERIFICATION |
| 2 | I, **Beverly Rosales**, am the **Complainant** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. |
| 3 | |
| 4 | |
| 5 | On December 13, 2018, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| 6 | |
| 7 | **Moreno Valley, CA** |

-3-
*Complaint – DFEH No. 201812-04504813*

Date Filed: December 13, 2018



EXHIBIT "B"



STATE OF CALIFORNIA | Business, Consumer Services and Housing AgencyGOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

December 13, 2018

Beverly Rosales
11867 Venetian Dr.
Moreno Valley, California 92557

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 201812-04504813
Right to Sue: Rosales / Amazon Fulfillment et al.

Dear Beverly Rosales,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective December 13, 2018 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| SANFORD A. KASSEL (SBN 100681)<br>SANFORD A. KASSEL, APLC<br>334 WEST THIRD STREET, SUITE 207<br>SAN BERNARDINO, CA 92401<br>Email: office@skasselaw.com<br>TELEPHONE NO.: 909-884-6451   FAX NO.: 909-884-8032<br>ATTORNEY FOR (Name): BEVERLY ROSALES | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 MAIN STEET
MAILING ADDRESS:
CITY AND ZIP CODE: RIVERSIDE, CA 92501
BRANCH NAME: HISTORIC COURTHOUSE

CASE NAME: ROSALES VS. AMAZON ET AL.

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: RIC1900658<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [X] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 6 - WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: JANUARY 10, 2019

SANFORD A. KASSEL (SBN 100681)
(TYPE OR PRINT NAME)                                                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**  Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)—Personal Injury/Property Damage/Wrongful Death
 Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
 Product Liability *(not asbestos or toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business Practice (07)
 Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2